

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00011-CV

IN RE LEE CORNELIUS MURRAY, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

March 5, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Lee Cornelius Murray, asks that this Court order the Honorable John B. Board, District Judge, 181st Judicial District, Potter County, to rule on a pending motion for appointment of counsel to assist him in obtaining forensic DNA testing of dirt per Texas Code of Criminal Procedure art. 64.01(a-1). TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1) (West 2018) (stating that a "convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material"). He believes himself entitled to such counsel per article 64.01(c) of the statute. *See id.* art. 64.01(c) (stating that a "convicted person is entitled to counsel during a proceeding under this chapter"). We deny the petition.

Though acting pro se, one seeking a petition for writ of mandamus must comply with the rules of procedure applicable thereto. *In re Moore*, No. 07-18-00435-CV, 2019 Tex. App. LEXIS 1386, at *2 (Tex. App.—Amarillo Feb. 25, 2019, orig. proceeding) (per curiam) (mem. op.) (stating that while "*pro se* filings may be reviewed less stringently than those filed by attorneys . . . a party proceeding *pro se* is not exempt from complying with rules of procedure"). Such rules include those found within Texas Rules of Appellate Procedure beginning with Rule 52.01. Within them is the rule obligating the relator to certify that he or she has reviewed the petition and concluded that every factual statement within it is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j). Another obligates the relator to accompany the petition with "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7 further provides that the relator must file with the petition "a certified or sworn to copy of every document that is material to the . . . claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Missing from Relator's petition is the certification mandated by Rule 52.3(j). And, to the extent that he attached documents apparently "showing the matter complained of" or otherwise "material to [his] claim for relief" (that is, a purported motion requesting the appointment of counsel, a purported missive from the district clerk, and a purported objection to the trial court's delay in ruling upon the request for appointed counsel), none are certified or sworn copies. Thus, Relator has not complied with the rules of procedure pertinent to obtaining relief. Consequently, we deny his petition for writ of mandamus. *See In re Moore*, 2019 Tex. App. LEXIS 1386, at *2 (denying the petition for failing to

comply with the requirements of Rule 52.3); *In re Villnave*, No. 07-17-00319-CV, 2017 Tex. App. LEXIS 8693, at *1 (Tex. App.—Amarillo Sept. 12, 2017, orig. proceeding) (per curiam) (mem. op.) (denying the petition for writ of mandamus due to the relator's failing to provide a certified or sworn copy of the documents showing the matter of which the relator complained).

Per Curiam